IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Rickey A. Fuquea, | ) | C/A No.: 1:19-1392-HMH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Bonita Mosely, T. Strickland, P. Wellman, | ) | |
| Defendants. | ) | |

Rickey A. Fuquea ("Plaintiff"), a federal inmate proceeding pro se and in forma pauperis, brought this civil rights action alleging a violation of his constitutional rights. This matter is before the court on Plaintiff's motion for appointment of counsel. [ECF No. 3].

There is no constitutional right to appointment of counsel in civil cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff states he needs counsel because: (1) his imprisonment will greatly limit his ability to litigate, (2) the issues in his case are complex, (3) and an attorney would aid his ability to present evidence and cross-examine witnesses at trial. [ECF No. 3 at 1–3].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

May 14, 2019  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge