IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rickey A. Fuquea, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:19-01392-HMH-SVH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Bonita Mosley, T. Strickland, and P. Wellman, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Rickey A. Fuquea ("Fuquea"), a federal prisoner proceeding pro se and in forma pauperis, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Fuquea alleges that Bonita Mosley, T. Strickland ("Strickland"), and P. Wellman ("Wellman") (collectively "Defendants") violated his Eighth Amendment rights. (Compl., generally, ECF No. 1.) On November 18, 2019, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. (Mot. Summ J., ECF No. 28.) In her Report and Recommendation filed on March 6,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

2020, Magistrate Judge Hodges recommends granting Defendants' motion for summary judgment.[2]  (R&R, generally, ECF No. 36.)

Viewing the facts in the light most favorable to Fuquea, on August 2, 2018, Fuquea was in the Receiving and Discharge ("R&D") area at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield") for urinalysis testing.  (Compl. 5, ECF No. 1.)  Fuquea claims that Wellman, an officer at FCI-Edgefield, was administering the test and yelled at him to hurry while he was trying to urinate.  (Id. at 1, 5, ECF No. 1.)  After failing to produce enough urine for the test, Wellman took the cup and told Fuquea that he would have to wait.  (Id. at 5, ECF No. 1.)  As Fuquea was leaving the restroom, he accidentally defecated on himself.  (Id. at 6, ECF No. 1.)  Fuquea told Wellman and Strickland, a supervisor at FCI-Edgefield, that he was sick, needed help, and wanted to use the restroom to clean himself.  (Id. at 7-8, ECF No. 1.)  However, Wellman and Strickland told Fuquea that he could either sit on the lieutenant's bench ("bench") or go to the special housing unit.  (Compl. 8, ECF No. 1.)  Defendants' "[s]tandard protocol for urinalysis testing is that inmates must remain in the general R&D area when they are within the two-hour window for testing so that the testing will not be compromised."  (Mot. Summ. J. Attach. 2 (Strickland Declaration ¶ 17), ECF No. 28-2.)  Fuquea decided to sit on the bench.  (Compl. 8, ECF No. 1.)

While seated at the bench, Fuquea alleges that he became increasingly dizzy, had a faster than normal heart rate, and experienced numbness in his face and right arm.  (Id. at 8-9, ECF No. 1.)  Fuquea urinated and defecated on himself again, which resulted in a pool of urine on the floor.

---

[2] Because Magistrate Judge Hodges considered matters outside of the pleadings, she treated the motion as one for summary judgment.  (R&R 2 n.1, ECF No. 36.)

(Id. at 9, ECF No. 1.) While Fuquea was seated on the bench, he was not allowed to use the restroom to clean himself. (Id. at 7-8, 10-12, ECF No. 1.) However, prison staff informed Fuquea that he could attend the evening meal. (Id. at 9-10, ECF No. 1.) Also, staff allowed Fuquea to retrieve a cup of water from the cooler. (Compl. 10-11, ECF No. 1.) Fuquea remained at the water cooler for about ten minutes before prison staff ordered him to return to the bench. (Id., ECF No.1.)

Subsequently, Wellman called Fuquea back for testing, and Fuquea was able to provide an adequate urine sample. (Id. at 12, ECF No. 1.) About two hours after Fuquea's first attempt at urinalysis testing, he returned to his housing unit to clean himself. (Id. at 12-13, ECF No. 1.) Fuquea alleges that Defendants' actions violated his Eighth Amendment rights and caused him physical and emotional injuries, including him suffering "possibly a type of stroke with internal bleeding." (Id. at 16-17, ECF No. 1.)

Fuquea filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Fuquea's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Fuquea objects

to the magistrate judge not fully considering the complaint and witness accounts and the magistrate judge's conclusion that his Eighth Amendment rights were not violated because Defendants were not deliberately indifferent to a serious medical need. (Objs., generally, ECF No. 42.)

First, Fuquea claims that the magistrate judge failed to "mention parts of [the] complaint" and "take into consideration witness accounts of [the] entire episode." (Id. at 2, ECF No. 42.) However, Fuquea fails to indicate which portions of the complaint or which witness accounts were allegedly not considered. Further, after a thorough review of the record, the court finds that the magistrate judge considered the salient allegations in the pleadings. Therefore, this objection is without merit.

Second, Fuquea argues that he has shown that his Eighth Amendment rights were violated and that Defendants were deliberately indifferent. (Id. at 1, 3, ECF No. 42.) Fuquea contends that he "was left on [the] bench and was not able to move or speak for [approximately] 40 minutes during the time [he] was having a stroke" and that he "made it clear he was sick and needed help." (Id. at 2, ECF No. 42.)

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). A deliberate indifference claim consists of both an objective and a subjective component. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). "Objectively, the inmate's medical condition must be serious – one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and

citation omitted). Subjectively, a plaintiff must show that a defendant both had "*actual knowledge of the risk of harm* to the inmate" and "recognized that *his actions were insufficient* to mitigate the risk of harm to the inmate arising from his medical needs" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks and citations omitted). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citation omitted).

Fuquea has failed to produce evidence that, subjectively, Defendants had actual knowledge of a risk of harm to him and recognized that their actions were insufficient to mitigate the risk. Moreover, Fuquea has failed to show that he had an objectively serious medical condition. Fuquea has not produced any medical evidence that he had a stroke or suffered any medical harm from Defendants' actions. Fuquea has received repeated medical care, and medical staff have not indicated that Fuquea had a stroke. (See Resp. Opp'n Mot. Summ. J. 16, ECF No. 31.) Further, during the time that Fuquea was in the R&D area, he was communicating with the prison staff, walking, and obtaining water for himself without any evidence of physical limitation. In addition, "leaving [an inmate] sitting in his own waste, though offensive, does not amount to deliberate indifference to a serious medical need." Clark v. Maryland Dep't of Pub. Safety & Corr. Servs., No. 08-7918, 2009 WL 646247, at *3 (4th Cir. Mar. 13, 2009) (unpublished). Therefore, Fuquea has failed to show a genuine issue of material fact regarding Defendants' alleged deliberate indifference to a serious medical need.

Based on the foregoing, after a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 28, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
April 16, 2020

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.